UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LEWIS ANDREW TURNER, | ) |
| --- | --- |
| *Plaintiff*, | ) |
| v. | ) No. 1:07-cv-110 |
| | ) *Chief Judge Curtis L. Collier* |
| STATE OF TENNESSEE; DEPARTMENT OF SAFETY, | ) |
| *Defendants.* | ) |

**MEMORANDUM**

Plaintiff Lewis Andrew Turner ("Turner") has filed a *pro se* prisoners civil rights complaint pursuant to 42 U.S.C. § 1983 based on defendants alleged violation of his procedural due process rights under the Fourteenth Amendment. Turner alleges funds in the amount of $11,950.00 in United States Currency was unlawfully confiscated from him when he was arrested and the Department of Safety refuses to return those funds because he filed an untimely petition for reconsideration of the final order with the Commissioner of Safety. For the reasons set forth herein, no service shall issue, and this complaint will be dismissed.

**I.     *Application to Proceed In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Turner that he lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $350.00. However, Turner is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Turner is a prisoner at CCA Silverdale in Chattanooga, Tennessee, he will be

**ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Turner's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Turner's inmate trust account; <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in Turner's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Turner's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden of CCA Silverdale, the Trust Fund Officer at CCA Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Turner's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly

payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[1]

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. *Standard of Review*

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE which provides a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED.

---

[1] **Send remittances to the following address:**

>  Clerk, U.S. District Court
>  P.O. Box 591
>  Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

> A. *<u>Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)</u>*
>
> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d at 529-30. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status

> of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

## III.   Facts

According to Turner's submissions he was arrested on May 2, 2006, and charged with criminal impersonation, simple possession of marijuana, and possession of cocaine for re-sale, which was reduced to simple possession.[2] The Chattanooga Police Department also seized $11,950.00 when they arrested Turner. Turner contends the $11,950.00 in United States Currency was forfeited in violation of his right to due process. The record reflects the Department of Safety issued a final order on June 6, 2006, in relation to the forfeiture proceedings of Turner's $11,950.00. Turner had fifteen days in which to file a petition for reconsideration of the final order with the Commissioner of Safety. The Appeals Division received Turner's petitioner for reconsideration on December 20, 2006, thus it was rejected as untimely.[3] Turner contends the denial of his petition for reconsideration as untimely violates his due process rights because he is incarcerated and lacks legal training.

## IV.   Analysis - 42 U.S.C. § 1983 Claim

---

[2]   Conviction of a crime is not a prerequisite to forfeiture. Rather, forfeiture is based on the commission of specified acts, not on a conviction. *Hargrove v. State*, 2005 WL 2240970 at *3 (Tenn.Ct.App. Sept. 15, 2005).

[3]   "If a claim ... is not filed with the applicable agency within the time specified by this part, the seized property shall be forfeited and disposed of as provided by law." Tenn.Code Ann. § 40-33-206(c).

5

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied,* 502 U.S. 1032 (1992).

Turner brings his § 1983 action claiming a violation of procedural due process. Turner's claim under 42 U.S.C. § 1983 that his property of $11,950.00 in United States Currency was seized and forfeited in violation of his due process rights will be dismissed. Turner claims the State deprived him of property without due process. In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in "life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986) ("[W]e ...overrule *Parratt* to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment"). "[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [state] postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Therefore, in order to state a procedural due process claim under § 1983, "'the plaintiff must attack the state's corrective procedure as well as the substantive wrong.'" *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991), *quoting Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983), *cert. denied*, 469 U.S. 834 (1984). A

plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress due process violations." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004).

Turner has attacked the Department of Safety administrative hearing process, but he has not attacked the state's judicial process for the correction of errors by administrative agencies. Turner has failed to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. Specifically, Turner attacks the failure of the Tennessee Department of Safety to excuse his untimely petition for reconsideration of a final order, but he does not allege the process of judicial review for the correction of such errors is inadequate. In fact, Tennessee law provides a means by which individuals may challenge the orders of administrative agencies, such as the Department of Safety. The procedure and standards of review are set forth in the Uniform Administrative Procedures Act, codified at Tenn. Code Ann. § 4-5-322.

The Uniform Administrative Procedures Act provides "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn. Code Ann. § 4-5-322(a)(1). This section specifies that review proceedings "are instituted by filing a petition for review in the chancery court" within sixty days after entry of the agency's final order." The Uniform Administrative Procedures Act provides for judicial review of an administrative agency's decision pursuant to the following standard:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions;

7

> (2) In excess of the statutory authority of the authority; (3) Made upon unlawful procedure; (4) Arbitrary or capricious ... or (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn.Code Ann. § 4-5-322(h).

Turner had the right to seek judicial review of the Department of Safety's forfeiture order and to raise constitutional challenges in the chancery court on appeal. Clearly, Tennessee courts do entertain constitutional challenges, such as the one Turner raises, in appeals governed by Tenn. Code Ann. § 4-5-322. *See, e.g., Toyota Motor Credit Corp. v. State Dep't of Safety,* 2003 WL 22519810, at *3 (Tenn.Ct.App. Nov.7, 2003)(reviewing Department's forfeiture order under Tenn.Code Ann. § 4-5-322 and concluding that under the circumstances, Department's notice procedure violated federal due process); *Redd v. Tennessee Dep't of Safety*, 895 S.W.2d 322, 334-35 (Tenn.1995)(reviewing lower courts' disposition of petitioner's appeal from order of forfeiture and concluding there were violations of federal due process when the department failed to provide adequate notice).

As set forth above, Plaintiff "may not seek relief under [s]ection 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [the] due process violations." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir.2004). "Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate." *Marino v. Ameruso*, 837 F.2d 45, 47 (2nd Cir. 1988). Turner has made no such showing, and his failure to do so is fatal to his action. Since there is a clear procedure for judicial review of administrative orders under Tennessee law, but Turner has failed to allege or prove the inadequacy of this "postdeprivation remedy," *Hudson v. Palmer*, 468

U.S. 517, 533 (1984), he may not seek relief before this Court under 42 U.S.C. § 1983.

Accordingly, Turner's complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted, *i.e.*, failure to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies. 28 U.S.C. § 1915A.

An appropriate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**